FreeMah, J.,
delivered tbe opinion of tbe court;
This bill is filed to rescind a contract for purchase of a tract of land, with a mill on .it, tbe mill being evidently one of tbe main inducements to tbe purchase.
We need not go into the large mass of testimony in tbe case, but only state our conclusions.
It is most satisfactorily shown that tbe vendors were to remove all incumbrance from the mill. It is equally well proven that both parties understood this, at tbe time, to mean that tbe water was to be drawn off from Carson’s land, which was above tbe mill, and that certain changes would have to be made in order to effect this, and that tbe vendors were to make these changes, and tbe mill was to be delivered 1st of May, after tbe trade in February before, competent to do as good work as before. This is not only shown by testimony of witnesses, but is conclusively evidenced by tbe fact that, after tbe trade, defendants proceeded to do what was agreed, and did work worth from one hundred to one hundred and fifty dollars in carrying out their agreement.
*456 It is further shewn that, although the mill seems to have been delivered to Brumley, yet it was not considered as finally accepted by him, the defendants having additional work to do on the race to complete their agreement, and that' they continued to work on it until some time in August.
It further appears, by a considerable preponderance of proof, that the mill is almost, if not a complete failure, and nearly worthless, after all that has been done, greatly to the detriment of complainant.
This being the case., there is nothing in the position of counsel, that the title bond does not contain the terms of the contract between the parties. It is well settled that the rule excluding parol evidence does not apply to a case where only a part of the contract was in writing, nor does it exclude proof of an independent collateral contract with reference to the same subject-matter. See Leinau v. Smart, 11 Hum., 309, 310, and authorities cited. This contract, and its result, as agreed on, being a most material consideration for the purchase of the land — and its failure being materially injurious to the complainant, entitles him to rescind the contract on the ground of failure of consideration. or in a proper case, to an abatement to the extent of the injury.
In this case, rescission is the proper relief, as t-he question of damages would be somewhat complicated, while the other is simple, and restores the parties each to his own. A decree will he drawn, rescinding the contract, with an account for rents, against Brumley, he being allowed for any permanent improvements put on the land, so far as it may be enhanced in value thereby. The case may be remanded to take this account, or taken hea?e¡, if desired. Costs of this court paid by defendant, Solomon Miller; the costs of court below as adjudged by chancellor.